UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRITTANY ADAMIC, a minor, by and through her mother and natural guardian, Sherryl Adamic, and SHERRYL ADAMIC, | Case No. 1:06cv1215 |
| | JUDGE KATHLEEN O'MALLEY |
| Plaintiffs, | |
| v. | **ORDER** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

This is a personal injury action brought under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA"), by a minor, Brittany Adamic, and her mother, Sherryl Adamic. On June 14, 2005, Plaintiff's attorney filed an administrative claim on behalf of Brittany with the Department of the Navy, claiming that Brittany had suffered injuries when a car driven by a United States Marine Corps recruiter collided with Brittany while she was riding her bicycle. The claim was in the amount of $75,000. On May 16, 2006, Plaintiffs Brittany and Sherryl Adamic filed this action in federal district court and later filed an amended complaint (Doc. 9). In the amended complaint, Brittany, by and through her mother, seeks $75,000 for her injuries, and Sherryl, individually, seeks $5000 for both out of pocket medical expenses she incurred as well as for satisfaction of subrogation obligations owed to the insurance company that paid a substantial portion of Brittany's medical

expenses.[1]

Currently pending before the Court is the Government's *Motion to Dismiss Sherryl Adamic's Claims* (Doc. 21), in which the Government seeks to dismiss Sherryl Adamic's individual claim for failure to exhaust her administrative remedies. The Government argues that, because the administrative claim with the Department of the Navy was filed only on behalf of Brittany and was only in the amount of $75,000, Sherryl cannot now bring a separate claim for an additional $5000 because she has not exhausted her administrative remedies for that claim as required by 28 U.S.C. § 2675(a).[2] In response, Plaintiffs argue that Sherryl's status in this litigation is only as a person who paid medical expenses on behalf of a minor and, as such, that Sherryl's claim is merely derivative of Brittany's claim. Plaintiffs argue that Sherryl "does not seek additional compensation beyond that which may be awarded to her daughter; rather she seeks only to insure that the portion of the award made to her daughter to compensate for medical bills is thereafter reimbursed to either Sherryl Adamic or to the subrogated health insurance carrier." (Plaintiffs' Opp. Br., Doc. 22 at 4.) In addition, Plaintiffs point out that Sherryl's health insurance paid for some of Brittany's medical

---

[1] Sherryl's employer-provided health insurance carrier - QualChoice Inc. - which paid a substantial portion of Brittany's medical bills, filed a separate administrative claim with the Department of the Navy in the amount of $2,337.07 for those medical bills The status of that claim, and whether QualChoice has initiated a lawsuit, is not mentioned in the parties' filings. In addition, although the Government notes that "Plaintiff chose not to join QualChoice as a necessary party pursuant to Fed. R. Civ. P. 19(a)," it does not move to dismiss the Complaint based on a failure to join a necessary party.

[2] That section provides that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency and sent by certified or registered mail."

expenses, and, because Brittany cannot contract for such services, Sherryl is a necessary party to this litigation because of her subrogation obligation.[3]

There is no dispute that the FTCA's administrative claims procedure is mandatory. The purpose of the claims procedure, however, is "not to make recovery from the Government technically more difficult." *Exec. Jet Aviation, Inc. v. United States*, 507 F.2d 508, 515 (6th Cir. 1974). Rather, the purpose is "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." *Id.* (quoting S. Rep. No. 1327, 89th Cong., 2d Sess. (1966), U.S. Code Cong. & Admin. News, p. 2516). To that end, the Sixth Circuit has held that the requirements of 28 U.S.C. § 2675(a) are met "if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value [or 'sum certain'] on his claim." *Knapp v. United States*, 844 F.2d 376, 379 (6th Cir. 1988).

In this case, after Brittany filed her administrative claim, a claims attorney for the Department of the Navy contacted Brittany's attorney to inquire whether Brittany's mother was also a claimant seeking to recover expenses personally, or only referred to in her capacity as parent and next friend for her daughter. (Doc. 21-3, at 6.) The letter went on to explain that, if Sherryl sought to recover expenses personally, she would need to file a separate claim, but that, "[i]n the absence of a separate claim presented by her mother, Brittany's medical expenses will be routinely adjudicated as part of Brittany's own damages." (*Id.*) Plaintiffs' counsel responded that Sherryl was referenced only as a person who has borne out of pocket expenses for Brittany's medical care and as a person whose

---

[3] The Government does not contest Plaintiffs' assertion that Sherryl Adamic is a necessary party to this lawsuit. (Doc. 24 at 2) ("The fact that Plaintiff Sherryl Adamic is a necessary party is not in dispute.")

3

health insurance had paid most of the expenses, and, "given your assurance that Brittany's medical expenses will be routinely adjudicated as part of her damages," that he would not file a separate administrative claim on Sherryl's behalf. (*Id.* at 5.)

Taking the two elements that the Sixth Circuit has held will satisfy the requirements of 28 U.S.C. § 2675(a) - - (1) notice of the claim to enable the agency to investigate, and (2) placing a value or "sum certain" on the claim - - the Court finds that Sherryl Adamic's claim should not be dismissed, but that Plaintiffs are not entitled to seek any amount beyond the $75,000 originally sought in their administrative claim.

With respect to the notice requirement, the Government does not and cannot argue that the administrative claim did not put the agency on notice that Brittany sought her <u>medical expenses</u> in addition to damages for pain and suffering or a decrease in the quality of her life. In Ohio, "[i]t is well-settled that, in the context of a personal injury action, an injured party is entitled to recover the reasonable and necessary medical expenses arising from the injury." *Gustin v. Chaney*, 2006 WL 552565, at *3 (Ohio App. Ct. Mar. 2, 2006) (citing *Wagner v. McDaniels*, 9 Ohio St.3d 184 (1984)). The claims attorney herself indicated in correspondence that Brittany's medical expenses would be "routinely adjudicated."[4] In addition, the letter from Plaintiffs' counsel notified the agency that Sherryl Adamic's health insurance paid most of Brittany's medical bills and that Sherryl incurred some out of pocket medical expenses as well. All of these expenses arose from the same facts and

---

[4] Courts have considered these sorts of communications in determining whether an agency was on notice of the scope of the administrative claim. *See, e.g., Boyce v. U.S.*, 942 F.Supp. 1220, 1223-24 (E.D. Mo. 1996) (considering several letters to determine whether wife's loss of consortium claim was properly presented to the agency); *Ottem by Ottem v. U.S.*, 594 F.Supp. 283, 286-87 (D. Minn. 1984) (finding that loss of consortium claim had been properly presented based on five telephone conversations between plaintiff's counsel and agency counsel).

circumstances that were laid out in Brittany's administrative claim. The agency, therefore, knew that Brittany was a minor, that Sherryl's insurance carrier paid for some of the medical expenses, that Sherryl herself paid for some of the expenses, and that all the expenses sought resulted from the collision giving rise to the administrative claim. Accordingly, the agency was on sufficient notice to enable it to investigate the administrative claim and engage in informed settlement discussions. In these circumstances, the purpose of the statute as it relates to the notice element is satisfied.

With respect to the value or "sum certain" prong, the Court finds that the administrative claim adequately identifies the $5000 that Sherryl seeks for medical expenses (which includes out of pocket expenses and money that would be owed to the insurance carrier in the event of a recovery), but only as part of the $75,000 claim amount, <u>not</u> in addition to that amount. Here, Plaintiffs' administrative claim specified that the total amount of the claim was $75,000. This amount is sufficient to satisfy the "sum certain" prong, as claimants need not always specify precise amounts for each individual claimant, and "many courts have held that a lump sum amount for multiple claimants satisfies the 'sum certain' requirement." *Emery v. U.S.*, 920 F.Supp. 788, 792 (W.D. Mich. 1996) (quoting *Eskine v. U.S.*, 1995 WL 495903, at *2 (E.D. La. Aug. 18, 1995) (collecting cases)).

Under the FTCA, however, a claimant can only institute an action for a sum in excess of the claim presented to the federal agency if the increased amount is based on "newly discovered evidence" or "intervening facts." 28 U.S.C. § 2675(b). In the instant action, Brittany seeks $75,000 and Sherryl seeks $5000, for a total of $80,000, but Plaintiffs do not present any newly discovered evidence or intervening facts to justify the increase in the sum requested. Indeed, Plaintiffs state that Sherryl "does not seek additional compensation beyond that which may be awarded to her daughter

5

. . ." (Plaintiffs' Opp. Br., Doc. 22 at 4.) Accordingly, the Court finds that the Plaintiffs may not seek more than the $75,000 requested in the administrative claim.

For the reasons stated above, the Government's *Motion to Dismiss Sherryl Adamic's Claims* (Doc. 21) is **DENIED**, but Plaintiffs' may not seek more than $75,000 in this action. In addition, in its most recent status report (Doc. 23), the Government indicates that it has requested to have settlement discussions with Plaintiffs. The Court has confirmed with both parties that they believe that mediation could be fruitful at this time. Accordingly, the Court hereby **REFERS** the above-captioned matter to Magistrate Judge William H. Baughman, pursuant to Title 28 of the United States Code, Section 636, and Local Rule 72.1, to conduct **MEDIATION** to occur on May 2, 2007 at 1:00 p.m.[5]

**IT IS SO ORDERED.**

> s/Kathleen M. O'Malley
> **KATHLEEN McDONALD O'MALLEY**
> **UNITED STATES DISTRICT JUDGE**

**Dated: April 25, 2007**

---

[5] The Court notes that a status conference was scheduled to occur on May 2, 2007 at 1:00 p.m. That conference is hereby cancelled, and, because the parties are available at that time and because it has been confirmed that the Magistrate Judge is available as well, the status conference is essentially being converted to a mediation conference before the Magistrate Judge.